UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHELLE GOMEZ,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM CHARLES DRESSER,<br><br>    Defendant. | Case No. 23-cv-06307-BLF<br><br>**ORDER GRANTING MOTION FOR A MORE DEFINITE STATEMENT**<br><br>[Re: ECF No. 8] |

    Defendant William Charles Dresser filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). *See* ECF No. 8. Plaintiff Michelle Gomez has not filed an opposition to the motion. *See* ECF No. 10 (Dresser's reply noting that no opposition was filed). For the reasons below, the Court GRANTS Defendant's motion.

    Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Although generally viewed with disfavor, the proper test in evaluating a Rule 12(e) motion is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Zody v. Microsoft Corp.*, No. 12–cv–00942–YGR, 2012 WL 1747844, at *3 (N.D. Cal. May 16, 2012) (quotations and citation omitted). "A motion for a more definite statement is proper only where the complaint is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" *Comm. for Immigrant Rts. of Sonoma Cnty. v. Cnty. of Sonoma*, 644 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009) (quoting *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999)).

    In this case, the Court finds that the operative complaint, ECF No. 1, does not provide sufficient information or clarity such that Dresser can adequately respond in good faith or without

prejudice to himself.  For example, this lawsuit appears to arise from a prior lawsuit in which Dresser allegedly represented Gomez, but the complaint's factual allegations use only the terms "plaintiff" and "defendant" without identifying to whom these terms refer—that is, the plaintiff and defendant in the prior lawsuit or this lawsuit.  *See* ECF No. 1 at 4; *see also Comm. for Immigrant Rts.*, 644 F.Supp.2d at 1209 (holding that a more definite statement was necessary where the complaint did not contain sufficient factual allegations to identify which legal claims were raised against which defendants).

The Court urges Gomez to contact the Federal Pro Se Program, a free program that offers limited legal services and advice to parties who are representing themselves.  The Federal Pro Se Program has an office at the location listed below.  Help is provided by appointment and on a drop-in basis.  Parties may make appointments by calling the program's staff attorney, Haohao Song, at 408-297-1480.  Additional information about the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

> Federal Pro Se Program
> United States Courthouse
> 280 South 1st Street 2nd Floor, Room 2070
> San Jose, CA 95113
> Monday to Thursday 9:00 am – 4:00 pm

Accordingly, the Court GRANTS Dresser's motion for a more definite statement (ECF No. 9) and ORDERS that Gomez file an amended complaint within 21 days of the date of this Order that cures the deficiencies discussed in the motion and adopted by the Court.  Gomez is advised that, pursuant to Federal Rule of Civil Procedure 12(e), if Gomez fails to obey this Order, "the court may strike the pleading or issue any other appropriate order."  Fed. R. Civ. P. 12(e).

**IT IS SO ORDERED.**

Dated: January 18, 2024

_____
BETH LABSON FREEMAN
United States District Judge